THE STATE on the Relation of C. BOYE & M. L. DUNCAN et als.

A Judge of the lower Court has only authority to enforce the judgments of this Court. He cannot interpret our decision, and enforce different decrees than those rendered by it.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *Durant & Hornor*, contra.

*C. E. Schmidt, for relator.*—The relator contends that the decree of this Court, "Judgment affirmed with costs," did not, and could not condemn him to pay the costs of appeal.

Duncan having been cast on the appeal, should pay the costs of appeal. The law is imperative. C. P. 549, 907, 908.

In the case of *Underwood* v. *Lacapère*, 14 A. 276, Mrs. Bourgeois, having called White in warranty, failed to obtain judgment against him in the lower Court, and appealed. This Court decreed that the judgment be affirmed with costs. Mrs. Bourgeois applied for a rehearing. The Court said: "Upon the question of costs, we perceive no more reason to change our previous judgment. Costs follow the judgment and are to be paid by the party cast. C. P. 549; *Bolton* v. *Harrod*, 10 M. 115. As well might it have been contended in that case, as in Boyé's case, that the defendant in warranty had been condemned by the Supreme Court to pay all costs.

Where a judgment is susceptible of two interpretations, one within, and the other beyond the power of the Judge, the former must be preferred. *Copley* v. *Robertson*, 6 A. 181.

Costs are accessory to the judgment as interest to the principal, and to be paid by the party cast; if the judgment be in favor of defendant, he cannot be condemned to pay them; if against him, he cannot be allowed them. Henn. Dig., new ed., p. 325, No. 2, and authorities there cited.

The Judge of the Sixth District Court sanctioned and authorized the execution.

It was proper that an application should have been made to the lower Court for relief. *State ex rel. Dubois* v. *Judge*, 4 R. 48; *State ex rel. Babin* v. *Judge*, 10 R. 169.

In the case of the *State ex. rel. Peet* v. *Judge*, 19 L. 174, held: "Where a Court, divested of jurisdiction by a suspensive appeal, illegally issues execution, the prohibition may be directed to the seizing creditor and ministerial officer, without regard to the Judge. But the writ may be directed to the Judge also, if he have sanctioned the execution. C. P. 853, ibid. The writ may issue though there be other means of redress, when the delay of ordinary proceedings would produce an immediate injury, which should be prevented. *State ex rel. Dubois* v. *Judge*; 4 R. 48. If, where the costs of appeal are less than $300, as in this case, the appellee were not entitled to a prohibition, lower Courts would very frequently modify and do away with the decrees of the Supreme Court by their interpretations.

In the present case it is very evident that the Judge of the lower Court, by sanctioning and authorizing an execution which the final decree of this Court did not authorize, exceeded his jurisdiction.　How can lower Courts be effectually prevented from misinterpreting the judgments of this Court, so as to assume that they were meant to be in direct contravention of law, and thus debar a party who relies upon your Honors' decree from the benefit thereof, unless the writ of prohibition may be forthwith resorted to?　It may issue before or after judgment. See *Clark* v. *Rosenda*, 5 R, 27.

HYMAN, C. J.　Relator asks for a writ of prohibition against Morris L. Duncan, and also against the Judge of the Sixth District Court of New Orleans, and the Sheriff of the Parish of Orleans, restraining them from exacting . from him the payment of the cost of the appeal in the case styled *Morris L. Duncan* v. *Christian Boye.*

　Morris L. Duncan sued the relator in said District Court, and obtained judgment for only a part of the amount claimed by him in his petition.

Duncan, believing that he was aggrieved, by not having got judgment for the whole amount claimed by him, took an appeal to this Court to have the supposed grievance in the judgment corrected.

We rendered judgment confirming that of the District Court, there being no error therein.

Relator complains that the Judge of said District Court had decided that Duncan was, under our decree, entitled to the costs of the appeal; that execution had issued from said Court, according to the opinion of the Judge, and that the Sheriff was proceeding to collect from him this cost.

He avers that our judgment did not condemn him to pay the costs of the appeal.

Respondent Duncan answers by saying that there is not sufficient averment, nor legal cause, for issuing the writ.

We consider that the averments are sufficient, and that there is legal cause for the writ.

A Judge of the lower Court has only authority to enforce the judgments of this Court.　C. P. 915.　He cannot interpret our decision, and enforce different decrees than those rendered by it.

When he does so, he exceeds his jurisdiction, and the law gives the remedy applied for by relator.　C. P. 845 and 853; 19 La. 174.

Our appellate jurisdiction would be nugatory if we had not the power of preventing inferior Courts from reversing our decisions when sent to them to be enforced.

Our judgment on the appeal was, that the judgment of the lower Court be affirmed, with costs.

In a similar judgment, this Court has interpreted such expression to mean that the party cast was to pay the costs of the appeal.　14 An. 278. C. P. 629.　Duncan was the appellant and the party cast in this suit.　He must, therefore, pay the costs of the appeal.

It is ordered, adjudged and decreed, that a writ of prohibition be issued in the name of the State of Louisiana to Morris L. Duncan, to the Judge of the Sixth District Court of New Orleans, and to the Sheriff of the Parish of Orleans, prohibiting them from demanding or exacting from Christian Boyé, the payment of the costs of the appeal in the case of *Morris L. Duncan* v. *Boye.* Defendants in this suit to pay costs.