ELIJAH R. SCHOONMAKER, APPELLANT, *v.* MRS. FRANK
W. BONNIE AND MRS. ROBERT P. BONNIE, IMPLEADED,
ETC., RESPONDENTS.

*When an award of costs by the General Term, on reversing a judgment, includes all
costs taxable in the Supreme Court.*

In an action, brought to compel the specific performance of a contract for the sale
and conveyance of land, a judgment was awarded by the trial court against all
the defendants for a specific performance thereof, which was reversed by the
General Term as to Mrs. Frank W. Bonnie and Mrs. Robert P. Bonnie, with
costs, upon the ground that as they were not parties to the contract they could
not be compelled to release their inchoate right of dower in the lands of which
a conveyance was sought.

*Held*, that as the General Term had reversed the judgment awarded by the trial
court, and, in effect, ordered a final judgment dismissing the complaint as to
those parties, and then, in the exercise of the discretion vested in it, had awarded
costs, such costs, under such circumstances, included all the costs taxable as such
in the Supreme Court, being those of the trial court and of the General Term.

APPEAL from an order of the Erie Special Term, entered in the
office of the clerk of Cattaraugus county on July 17, 1888, ordering
a retaxation of the costs of the defendants Mrs. Frank W. Bonnie
and Mrs. Robert P. Bonnie.

*Henderson & Wentworth* and *J. G. Johnson,* for the appellant.

*J. J. Inman,* for the respondents.

HAIGHT, J. :

This action was brought to compel a specific performance of a
contract for the sale and conveyance of land. The trial court
awarded judgment against the defendants for specific performance.
On review of that judgment by this court, it was held that the wives
of Frank W. Bonnie and Robert P. Bonnie, not being parties to
the contract, could not be compelled to release their inchoate right
of dower in the land of which conveyance was sought. The judg-
ment of the trial court was, therefore, reversed as to Mrs. Frank W.
Bonnie and Mrs. Robert P. Bonnie, *with costs.* The question now
raised by this appeal is as to what was meant by the term " with
costs." Does it include the costs of the trial court ? The action
was brought to procure equitable relief, and the costs were in the

discretion of the court. The reversal of the judgment by the General Term as to these women was a holding, in effect, that the trial court should have dismissed the complaint as to them; and the reversal of the judgment without granting a new trial was, in effect, the ordering of judgment in their favor; and had the judgment of the General Term provided that the judgment of the trial court be reversed, and final judgment ordered for these defendants, with costs, we are inclined to the opinion that they would have been entitled to tax the costs allowed by the Code in the trial court. It is true that the judgment of the General Term in reversing the judgment as to these defendants did not order, in express terms, final judgment in their favor; yet such was the effect of the judgment entered, and we fail to see why the same result should not follow in reference to the taxation of the costs. The court at General Term have the power to reverse or affirm the judgment wholly or in part, or to modify it as to any or all of the parties, or to grant a new trial if necessary. (Code of Civ. Pro., § 1317.) The trial court and the General Term are but branches of one and the same court. The General Term, sitting as a court of review, has the power to review the discretion of the Special Term or the trial court; and in ordering judgment for the defendants for a dismissal of the complaint, with costs, it is understood to include all the costs that were taxable in the Supreme Court, which includes that of the trial and of the court in review. We are aware that in equity actions in the Court of Appeals the words "with costs," as used by that court, only means the costs in that court. (*In the Matter of the Water Commissioners of Amsterdam*, 104 N. Y., 677 ; *The Sisters of Charity* v. *Kelly*, 68 id., 628.) But the Court of Appeals is a separate, independent court. The General Term is but a branch of the Supreme Court, the court in which the action was tried. The costs awarded are the costs of that court, and embrace the rejected items, including that for the making and serving of the case.

It is argued that had the judgment been affirmed, with costs, the words "with costs" would then have meant only the costs of the review in the General Term. Very true. Had the trial court awarded a judgment dismissing the complaint as to these women, without costs, the affirmance of the judgment by the General Term would continue the judgment as it stood at the time the

appeal was taken; and the words "with costs" in that event would only apply to proceedings thereafter taken; but in the case under consideration the General Term, as we have seen, has reversed the judgment awarded by the trial court, and, in effect, ordered a final judgment dismissing the complaint as to these parties; and then, in the exercise of the discretion vested in it, has awarded costs, which, under such circumstances as we understand it, includes all the costs taxable as such in the Supreme Court, being those of the trial court and of the General Term. As to the disbursements disallowed for printing cases and of points, we are inclined to the view that they were properly disposed of by the clerk. The Special Term has only allowed such disbursements as have been made or incurred by these women. The opposing affidavits show that they were the wives of Robert P. and Frank W. Bonnie, the parties to the contract; that the defense was carried on by the husbands; that the printing of the cases and points for review in the General Term was done by the husbands, who took charge of the case on review.

Upon the papers, therefore, as they stand, we think these items of disbursements were properly disallowed. The order of the Special Term should be affirmed, but without costs of this appeal to either party.

BARKER, P. J.: BRADLEY and DWIGHT, JJ., concurred.

Order affirmed, but without costs of this appeal to either party.