(54 Misc. 223)

## FELTENSTEIN v. ERNST et al.

(Supreme Court, Appellate Term. May 16, 1907.)

COSTS—REVERSAL AND JUDGMENT ABSOLUTE ON APPEAL.

> Where the Appellate Term reversed a judgment of the City Court for
> plaintiff, and ordered a new trial, "with costs * * * to abide the
> event," and then allowed appeal to the Appellate Division on a stipula-
> tion that, if it affirm the judgment of the Appellate Term, there should
> be a judgment absolute for defendants, and the Appellate Division af-
> firmed the determination of the Appellate Term, and rendered judgment
> absolute for defendants, and such judgment was by order of the City
> Court made its judgment, defendants are entitled to the costs on appeal
> to the Appellate Term, costs on appeal to the Appellate Division, and
> costs of one trial and disbursements.

Appeal from City Court of New York, Special Term.

Action by Sidonia Feltenstein against Meriyz L. Ernst and another.
From an order denying a motion for retaxation of costs, plaintiff
appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and
BRADY, JJ.

Feltenstein & Rosenstein, for appellant.

Arnstein & Levy (Alexander Pfeiffer, of counsel), for respondents.

BRADY, J. This action was brought in the City Court, and the
plaintiff recovered a judgment. Upon appeal this court reversed the
judgment, and ordered a new trial, "with costs to the appellant to
abide the event." 97 N. Y. Supp. 376. By permission of this court
the plaintiff was allowed to appeal to the Appellate Division, upon
filing a stipulation to the effect that, if the Appellate Division affirmed
the judgment of the Appellate Term, judgment absolute should be
rendered and entered in favor of the defendants. The Appellate Divi-
sion affirmed the determination of this court and rendered judgment
absolute in favor of the defendants, and the judgment of the Appellate
Division was, by order of the City Court, made the judgment of that
court. The defendants thereupon taxed their costs in the City Court,
as follows: The costs on appeal to the Appellate Term, costs on appeal
to the Appellate Division, and the costs of one trial and disbursements.
The plaintiff made a motion to disallow the costs before and after no-
tice of trial and a trial and term fee, and from the order denying such
motion this appeal is taken.

We think the costs were properly taxed. There is no question that,
when a judgment is reversed, with costs to abide the event, it means
that such costs are those of the appeal only; but where the appellant
has been successful, in the lower court upon the new trial, or upon a
further appeal, where judgment absolute has been rendered in his
favor, the judgment of the appellate court having been made a judg-

ment of the lower court, he becomes entitled to the costs of one trial. Suppose the Appellate Term had reversed the judgment absolutely, with costs; could there be any question about the right of the appellant to return to the lower court and tax the costs of the trial in that court? Certainly not. And that is the effect of the decision of the Appellate Division in the case at bar. In Schoonmaker v. Bonnie, 51 Hun, 34, 3 N. Y. Supp. 492, the action was to compel specific performance. The General Term of the Supreme Court reversed the judgment as to two defendants, with costs. The question of the right of these defendants to tax the costs of the trial having arisen, the court said:

"Had the trial court awarded a judgment dismissing the complaint as to these women, without costs, the affirmance by the General Term of the judgment would continue the judgment as it stood at the time the appeal was taken, and the words 'with costs' in that event would only apply to proceedings thereafter taken; but in the case under consideration the General Term reversed the judgment awarded by the trial court, and in effect ordered a final judgment dismissing the complaint, and then awarded costs, which under such circumstances includes all the costs taxable as such in the Supreme Court, being those of the trial court and the General Term."

None of the cases cited by appellant are opposed to this position. Order affirmed, with costs and disbursements. All concur.