Dow Vroman and Abraham Weil, Individually and as Members of and Constituting the Board of Elections for Niagara County, N. Y., Plaintiffs, *v.* Norman D. Fish, Thomas T. Feeley and Burt A. Duquette, County Judge, County Clerk and District Attorney, Defendants.

(Supreme Court, Niagara Special Term, February, 1919.)

Costs — when appellant is entitled to all costs, both of trial and appeal.

> Where in an action in equity the court grants no costs to the successful plaintiffs on the ground that the defendants were not responsible for the condition which placed them in the attitude of defendants, the reversal of the judgment and dismissal of the complaint "with costs" includes all the costs of the action both at the trial and in the Appellate Division.

Motion by plaintiffs for a review and correction of the taxation and retaxation of costs.

Alfred W. Gray, for plaintiffs.

Bradley, Merritt & Bradley (Artemas A. Bradley, of counsel), for defendants.

Bissell, J. This is a motion by the plaintiffs for a review and correction of the taxation and retaxation of the costs as taxed and retaxed by the clerk of the county of Niagara in this action.

The action is in equity, and the plaintiffs succeeded at the trial. Upon appeal to the Appellate Division a judgment was rendered in these words: " It is hereby ordered that the judgment so appealed from be, and the same hereby is, reversed, and the complaint dismissed, with costs."

The county clerk has taxed and retaxed in favor of the successful defendants costs in both the trial and

appellate courts, amounting in the aggregate to the
sum of $215.75. The plaintiffs have made objections
to all of the items of costs and disbursements, object-
ing to the costs before notice of trial, $10; costs after
notice and before trial, $15; trial fees issue of fact,
$30; upon the ground that this is an equity action, and
costs were in the discretion of the trial court and not
of the Appellate Division, and upon the ground that
the Appellate Division could not and did not lawfully
award costs for the court below. Objections were
also made to the items of costs at the Appellate
Division, as follows: Making and serving case of
more than fifty folios, $30; appeal to Appellate Divi-
sion before argument, $20; appeal to the Appellate
Division for argument, $40; expense of printing
papers for the hearing in the Appellate Division,
$67.50, upon the ground that there is no authority
therefor under the order of the Appellate Division
reversing the judgment and dismissing the complaint
in this action.

The practice followed in *Schoonmaker* v. *Bonnie,*
51 Hun, 34, is in my opinion applicable to the case at
bar. In that case, as in this, the action was in equity,
and costs were discretionary. The judgment was
reversed, and in legal effect the complaint was dis-
missed " with costs." The action was brought against
two men and their wives for specific performance of a
land contract in which the wives did not join. The
equity term decreed specific performance. Judge
Daniels, writing the opinion at Special Term on a
motion to review the action of the clerk in refusing to
tax the costs in the trial court, said: " The General
Term, as it has been understood and acted upon by
the parties, finally disposed of the action so far as it
was against these two defendants, and when that was
directed with costs, as the order and judgment states,

the decision must be understood to include all the costs in the action. The direction was unqualified, and as it determined the rights of the parties entitled the defendants to all the costs of the defense successfully interposed by them." *Von Keller* v. *Schulting,* 45 How. Pr. 139; *Burdett* v. *Lowe,* 22 Hun, 588. Judge Haight, writing the opinion in this case on appeal to the Appellate Division, said, among other things: " The trial court and the General Term (now the Appellate Division) are but branches of one and the same court. The General Term, sitting as a court of review, has the power to review the discretion of the Special Term or the trial court; and in ordering judgment for the defendants for a dismissal of the complaint, with costs, is understood to include all the costs that were taxable in the Supreme Court, which includes that of the trial and of the court in review." See, also, *Feltenstein* v. *Ernst,* 54 Misc. Rep. 224.

It appears that the trial court granted no costs to the plaintiffs when they prevailed at the trial; and the grounds specified by the trial court upon which costs were refused against the defendants, to wit, that the defendants were not responsible for the condition which placed them in the attitude of defendants, is a cogent reason why costs should be granted against the plaintiffs in a final disposition of the case. They were strictly responsible for the condition that placed them in the attitude of plaintiffs, and in my opinion the phrase that the judgment appealed from " be, and the same hereby is, reversed, and the complaint dismissed with costs," will include all of the costs in this action both at the trial and the appellate court.

Let an order be entered allowing the several items of costs to stand as taxed and retaxed by the clerk of Niagara county, with ten dollars costs of this motion.

Ordered accordingly.