THE TEXAS COMPANY (P. R.) INC., Petitioner and Appellant, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7603. Argued June 17, 1940.—Decided June 28, 1940.

*George A. Malcolm, Attorney General, Emilio de Aldrey, First Assistant Attorney General,* and *Jesús A. González, Assistant Attorney General,* for appellee. *José López Baralt* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The Texas Company filed an injunction suit in the District Court of San Juan against Rafael Sancho Bonet, Treasurer of Puerto Rico. After various proceedings in the District Court of San Juan the latter, on the 22nd of July 1937, dismissed the application for a writ of injunction. The decision was affirmed by this court on February 1, 1938. From the judgment of this court the Texas Co. appealed to the U. S. Circuit Court of Appeals for the First Circuit. That court reversed the judgment of this court. In defending this appeal in the Circuit Court, the People of Puerto Rico incurred a certain amount of costs.

The Supreme Court of the United States granted a writ of certiorari and on a hearing of the same reversed the judg-

ment of the Circuit Court of Appeals and made the following order with respect to costs:

ON CONSIDERATION WHEREOF, it is now here ordered and adjudged by this Court that the judgment of the said United States Circuit Court of Appeals in this cause be, and the same is hereby, reversed with costs, and that the judgment of the Supreme Court of Puerto Rico, in this cause, be, and the same is hereby, affirmed.''

The costs incurred in the Supreme Court of the United States by the People of Puerto Rico amounted to $75 and this the Texas Co. paid. The Texas Co. and one of the attorneys are under the impression that the order of the Supreme Court of the United States only included the costs incurred in the highest Court. We do not agree with that interpretation. In the federal practice and generally when a court reverses a judgment ''with costs'' and says nothing to qualify it, such an order gives the successful party a right to all the costs to which he may have been subjected.

The Supreme Court itself has said:

''U. S. Mo. 1930. 'Costs,' used in judgment or decree without qualification, means amounts taxable as such under acts of Congress, rules promulgated by its authority, and practice established consistently with governing enactments.—*Kansas City Southern Ry. Co.* v. *Guardian Trust Co.*, 50 S. Ct. 194, 281 U. S. 1, 74 L. Ed. 659, affirming (C.C.A.) *Guardian Trust Co.* v. *Kansas City Southern Ry. Co.*, 28 F. (2d) 233, certiorari granted *Kansas City Southern Ry. Co.* v. *Guardian Trust Co.*, 49 S. Ct. 252, 279 U. S. 827, 73 L. Ed. 978.''

The U. S. District Court for Maryland has said:

''The custom both in the United States and state courts of Maryland, when the mandate from the appellate court is in the form used in this case, is to tax against the defendant in error all the costs up to that time incurred in the court below. The experienced clerks of the state and federal courts say they are not aware in their experience of more than a quarter of a century of any exceptions to this practice. . .'' *Fray & Son* v. *Welch Grape Juice Co.*, 242 Fed. 1004.

The only jurisdiction where a contrary view has been sustained is in New York, but a study of the cases from that State in the American Digest, Century Edition, and the various Decennial Digests, shows that the New York courts have gone from one interpretation to the other of the phrase in question. The last case in which the issue seems to have been raised, *Vroman* v. *Fish,* (1918) 174 N.Y.S. 484, 106 Misc. Rep. 302, has the following syllabus:

"(N. Y. Sup. 1918) Judgment of appellate court, in an equity case, that judgment appealed from 'be and the same hereby is reversed, and the complaint dismissed, with costs,' will include all costs, both at trial and in appellate court.—*Vroman* v. *Fish,* 174 N.Y.S. 484, 106 Misc. Rep. 302." Third Decennial Digest, Vol. 7, p. 247.

The same view has been held in Louisiana—*State* v. *Duncan,* (1866) 18 La. Ann. 102.

That the practice of the Circuit Court of Appeals is the same and that at least the clerk of that court has put the same interpretation on the mandate of the Supreme Court as we have, can be seen from the way in which he couches his certificate:

"I, Arthur I. Charron, Clerk of the United States Circuit Court of Appeals for the First Circuit, certify that in the cause in said Court numbered and entitled, No. 3380; The Texas Company (P. R.), Inc., plaintiff, appellant v. Rafael Sancho Bonet, Treasurer, defendant, appellee, the costs of said appellee in this Court, under the judgment of the Supreme Court of the United States, January 2, 1940, are as follows: . . . ."

█ The People of Puerto Rico up to this point therefore proceeded properly in obtaining a certificate from the Clerk of the Circuit Court of Appeals. The Attorney General has now come into this court and requested us to take the appropriate proceedings to collect the costs in the Circuit Court of Appeals. On a hearing the Texas Co. not only differs

from us on the interpretation of the words "with costs" but maintains that there is no existing order of any court attempting to collect, or order the payment, of the costs. The Texas Co. also maintains that this court has lost jurisdiction by sending the mandate of the Supreme Court to the District Court of San Juan.

After a party obtains an order for costs, as we have intimated, he cannot obtain from the higher court anything more than a certificate of the character that was issued in this case. In the proper court no further order is needed as the one issued by the Supreme Court of the United States is sufficient. When the Supreme Court of the United States issues such an order, if they did not have it before, the proper local court or courts have jurisdiction to carry into effect the order of the Supreme Court of the United States. The Circuit Court of Appeals has ordinarily no relation with the District Court of San Juan, and no means of enforcing existing orders, except by sending such an order to a court like the Supreme Court of Puerto Rico.

With the order of the Supreme Court of the United States and the certificate of the clerk of the Circuit Court of Appeals, this court is invested with jurisdiction to aid a successful party like the People of Puerto Rico to make its judgment foreclosed.

We do not have to recall the mandate. We only have to advert to the District Court of San Juan the orders or actions of our superior courts. Upon the receipt of a copy of the order of the Supreme Court of the United States and the certificate of the Circuit Court of Appeals sent to it by us, the District Court of San Juan will be authorized to collect the amount of the costs. It will not be necessary for us to recall the mandate.

The proper order or orders to the district court will issue.