The Texas Company (P.R.) Inc., peticionaria y apelante, *v.* Rafael Sancho Bonet, Tesorero de Puerto Rico, demandado y apelado.

Núm. 7603.—*Sometido:* Junio 17, 1940. *Resuelto:* Junio 28, 1940.

*Hon. Procurador General George A. Malcolm, Emilio de Aldrey, Primer Procurador General Auxiliar* y *Jesús A. González, Procurador General Auxiliar,* abogados del demandado; *José López Baralt,* abogado de la apelante.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

The Texas Company radicó una solicitud de *injunction* en la Corte de Distrito de San Juan contra Rafael Sancho Bonet, en su carácter de Tesorero de Puerto Rico. Luego de varios procedimientos ante la referida Corte de Distrito de San Juan, ésta, con fecha 22 de julio de 1937, declaró sin lugar la solicitud. Su decisión fué confirmada por este tribunal el día 11 de febrero de 1938 (52 D.P.R. 658). De la sentencia dictada por esta corte, The Texas Company apeló para ante la Corte de Circuito de Apelaciones de los Estados Uni

dos para el Primer Circuito. Ésta revocó la sentencia de este tribunal (102 F. (2d) 710). Al tenerse que defender de la apelación ante la Corte de Circuito, El Pueblo de Puerto Rico incurrió en ciertas costas.

La Corte Suprema de los Estados Unidos expidió un auto de *certiorari* y luego de visto el mismo revocó la sentencia de la Corte de Circuito de Apelaciones y dictó la siguiente orden en lo relativo a costas:

"En vista de todo lo cual, por la presente este Tribunal ordena y decreta que la sentencia de la referida Corte de Circuito de Apelaciones de los Estados Unidos en esa causa sea, y por la presente es, revocada con costas, y que la sentencia de la Corte Suprema de Puerto Rico, en este recurso sea, y por la presente es, confirmada."

█ Las costas incurridas por El Pueblo de Puerto Rico ante la Corte Suprema de los Estados Unidos ascendían a $75, suma que The Texas Company pagó. The Texas Company y uno de los letrados están bajo la impresión de que la orden de la Corte Suprema de los Estados Unidos incluía tan sólo las costas ante dicho alto tribunal. No estamos de acuerdo con esa interpretación. Según la práctica federal, al igual que generalmente, cuando una corte revoca una sentencia con costas y nada dice en el sentido de limitarlas, semejante orden otorga a la parte victoriosa el derecho a obtener todas las costas en que pueda haber incurrido.

La misma Corte Suprema de los Estados Unidos ha dicho:

U. S. Mo. 1930. "La palabra 'costas', usada en una sentencia o decreto sin calificativo alguno significa las cantidades imponibles como tales bajo las leyes del Congreso, de acuerdo con las reglas promulgadas bajo su autoridad y de conformidad con la práctica establecida consistentemente con estatutos en vigor." *Kansas City Southern Ry. Co.* v. *Guardian Trust Co.,* 50 S. Ct. 194, 281 U. S. 1, 74 L. Ed. 659, confirmando (C. C. A.) *Guardian Trust Co.* v. *Kansas City Southern Ry. Co.,* 28 F. (2d) 233, *certiorari* concedido en *Kansas City Southern Ry. Co.* v. *Guardian Trust Co.,* 49 S. Ct. 252, 279 U. S. 827, 73 L. ed. 978.

La Corte de Distrito de los Estados Unidos para el Distrito de Maryland ha dicho:

"La costumbre tanto en las cortes de los Estados Unidos como en las estatales de Maryland, cuando el mandato de la corte apelativa está redactado en forma similar a la de este caso, es imponer al demandado en error todas las costas hasta ese momento incurridas en la corte inferior. Los avezados secretarios de las cortes estatales y federales dicen que en su experiencia de más de un cuarto de siglo no han sabido nunca que haya habido excepciones a esta práctica. . ." *Frey & Son* v. *Welch Grape Juice Co.*, 242 F. 1004.

La única jurisdicción donde se ha sustentado un criterio contrario ha sido Nueva York, mas un estudio de los casos de dicho Estado hecho en el American Digest, Century Edition, así como en los varios Decennial Digests, demuestra que las cortes de Nueva York han pasado de una intrepretación a la otra al considerar la frase en cuestión. El último caso en que el punto parece haberse suscitado—*Vroman* v. *Fish* (1918) 174 N.Y.S. 484, 106 Misc. Rep. 302—tiene el siguiente sumario:

"(N. Y. Sup. 1918). La sentencia dictada por la corte de Apelaciones en un caso de equidad al efecto de que la sentencia apelada 'sea y por la presente es revocada, y la demanda declarada sin lugar, con costas', incluirá todas las costas tanto en la corte sentenciadora como en la de apelaciones. *Vroman* v. *Fish*, 174 N. Y. S. 484, 106 Misc. Rep. 302." Third Decennial Digest, Vol. 7, pág. 247.

El mismo criterio ha sido sustentado en Louisiana—*State* v. *Duncan* (1866) 18 La. Ann. 102.

Que la práctica de la Corte de Circuito de Apelaciones es la misma y que por lo menos el secretario de esa corte ha dado al mandato de la Corte Suprema de los Estados Unidos la misma interpretación que nosotros le hemos dado, puede verse de la forma en que redacta su certificado, a saber:

"Yo, Arthur I. Charron, Secretario de la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito, certifico que en la causa de dicha corte número 3380, intitulada, The Texas Company (P. R.), Inc., demandante y apelante, v. Rafael

Sancho Bonet, Tesorero, demandado y apelado, las costas del referido apelado en este Tribunal, de acuerdo con la sentencia dictada por la Corte Suprema de los Estados Unidos en enero 2, 1940, son las siguientes: . . . . . .''

■ Por tanto, hasta ese punto El Pueblo de Puerto Rico procedió acertadamente al obtener un certificado del Secretario de la Corte de Circuito de Apelaciones. El Procurador General acude ahora ante este tribunal en solicitud de que se den los pasos necesarios para el cobro de las costas incurridas ante la Corte de Circuito de Apelaciones. En la vista celebrada The Texas Company no solamente difiere del criterio nuestro en torno a la interpretación de las palabras ''con costas'' *(with costs)*, sino que también sostiene que no existe orden de ninguna corte tendente a cobrar u ordenar el pago de las costas. The Texas Company también insiste en que este tribunal ha perdido su jurisdicción al remitir a la corte de distrito el mandato de la Corte Suprema de los Estados Unidos.

Después que una parte obtiene una orden concediéndole las costas, conforme hemos indicado, ella no puede obtener de la corte superior otra cosa que no sea un certificado de la naturaleza del expedido en este recurso. En la corte correspondiente no se necesita una orden ulterior, puesto que la expedida por la Corte Suprema de los Estados Unidos es suficiente. Cuando la Corte Suprema de los Estados Unidos dicta semejante orden, de no haberlo hecho antes, la correspondiente corte o cortes locales tienen jurisdicción para poner en vigor la orden de la Corte Suprema de los Estados Unidos. De ordinario la Corte de Circuito de Apelaciones no tiene nexos de clase alguna con la Corte de Distrito de San Juan ni medios de ejecutar cualesquiera órdenes existentes, a no ser remitiendo dicha orden a una corte como la Suprema de Puerto Rico.

Con la orden de la Corte Suprema de los Estados Unidos y el certificado del Secretario de la Corte de Circuito de Apelaciones este tribunal está investido de jurisdicción para

ayudar a una parte victoriosa, como El Pueblo de Puerto Rico, a hacer efectiva su sentencia.

No tenemos que ordenar la devolución del mandato. Únicamente tenemos que trasmitir a la Corte de Distrito de San Juan las órdenes o actuaciones de las cortes superiores. Al recibir copia de la orden de la Corte Suprema de los Estados Unidos y el certificado de la Corte de Circuito de Apelaciones que le enviaremos, la Corte de Distrito de San Juan estará autorizada para cobrar el importe de las costas. No será necesario que este tribunal ordene la devolución del mandato.

*Debe expedirse la orden u órdenes correspondientes dirigidas a la corte de distrito.*