ANDERSON et al. v. UNITED GILPIN CORPORATION et al.

No. 7633.

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1942.

---

820

Gerard M. Ungaro and Lyman W. Sherwood, both of Chicago, Ill., and Herbert S. Humke, of Sheboygan, Wis., for appellants.

Abraham W. Brussell and John Mulder, both of Chicago, Ill., for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

The appellants, who are residents of the vicinity of Sheboygan, Wisconsin, unsuccessfully sought to be dismissed from a suit which was instituted in the Federal Court in Chicago, and, so they assert, without their knowledge and without their authority. Their appeals here are to reverse the order denying them leave to file their petitions.

Appellants were, and are, stockholders of a gold mining company named Chain O'Mines, Incorporated. The officers of this company believed they had a cause of action against certain individuals who had allegedly conspired to defraud them of the gold mining properties of their corporation and had succeeded, to the great damage of said corporation and its stockholders. Suit was brought in the United States District Court for the Northern District of Illinois, and fifty-five non-resident stockholders (including the appellants herein) were named, with the corporation, as plaintiffs. This suit was begun in November, 1937, and resulted in a decree for plaintiffs, April 9, 1938. The defendants appealed, and the judgment of the District Court was reversed, with directions to dismiss the suit (Chain O'Mines v. United Gilpin Corp., 7 Cir., 109 F.2d 617), on January 26, 1940. Certiorari was denied by the United States Supreme Court, 311 U.S. 659, 61 S.Ct. 14, 85 L.Ed. 422.

A decree was entered in the District Court, following the filing of the record in that court, but it was not a dismissal of the suit as directed by the Circuit Court of Appeals. Included in the decree, were numerous orders or adjudications, among which was one voiding the cancellation of a $27,575 note. Another set aside the satisfaction of a mortgage given to secure this note. Another directed the Chain O'Mines, Incorporated, to deliver the said note and mortgage to defendants in this suit.

The decree also provided:

"It is Further Ordered, Adjudged and Decreed that Plaintiffs are liable to Defendants for damages sustained by Defendants as a result of the entry of the Decree of April 9th, A. D. 1938, and leave be, and is hereby given Defendants to file a petition alleging the damages so sustained within thirty days," etc.

The decree also provided that the court "retain jurisdiction * * * for the purpose of making any and all further and additional orders in accordance with, and for effectuating this Decree."

This order was entered, April 30, 1940.

Defendants, the appellees herein, immediately sought (by petition in this suit) to recover damages against Chain O'Mines, Incorporated, and the aforementioned fifty-five plaintiffs, in the sum of $30,000.

Plaintiffs, who became respondents in this damage action, moved to dismiss defendants' petition seeking damages. While proceedings, such as amendments, continuances, etc., were taking place on defendants' petition for damages, seven separate petitions were filed by the appellants herein. Each petitioner asserted that he was named as plaintiff in the original suit; that he was not aware of the institution or pendency of the suit; and he further alleged that no one was authorized to bring the suit for him.

There were also petitions of somewhat like character by seven others, all, also, residents of Wisconsin, who sought similar relief because of their ignorance of their having been made plaintiffs in the original suit. Their situation must be separately stated, and separately considered, as the court made different dispositions of the two sets of petitions. Each group separately appeals.

Opposition to the relief sought by the two groups of petitioners was offered by Chain O'Mines, Incorporated, and also by the defendants who are now seeking damages, as well as the costs of the original litigation, which costs amounted to $2,030.03.

The court ordered that the petitions of one group of seven petitioners be filed. Permission to file the petitions by the other seven petitioners was denied.

The cause was then assigned to another judge, who held a hearing and dismissed all of the seven petitions which had been filed.

The same court, upon the hearing on the merits, however, concluded that damages of the nature sought were not recoverable.

All parties have appealed from this decree.

The first appeal, the one now before us (No. 7633), is by the seven petitioners who were denied the right to file their petitions to be dismissed from the suit.

The second appeal, No. 7927, Broughton v. United Gilpin Corp., 7 Cir., 131 F.2d 822, raises the propriety of that part of the order which, on hearing, denied the seven petitioners' request for dismissal.

The third appeal, No. 7928, Chain O'Mines, Inc., v. United Gilpin Corp., 7 Cir., 131 F.2d 824, is by the defendants who assail that portion of the decree which denies them the right to recover any of the damages they claim.

In this opinion, we will consider only appeal No. 7633. The fact statement is made for use in the disposition of the other two appeals, as well as in this instant appeal.

In substance, all the petitions of appellants were alike. Each petitioner stated that he "never had any knowledge of the commencement of said action prior to the month of April, 1940, and that he at no time ever authorized any attorney or other person to commence such action in his behalf or act as his agent in the commencement of any such action or to make him a party plaintiff therein, nor did he ever consent to the commencement of said action or to his being a party plaintiff therein, nor did he ever consent to any person or persons acting as his agent or in his behalf in any manner with regard to said action, nor did he ever contribute any sum or sums of money toward the institution of the same."

He further states that he first learned in April, 1940, that "someone had purported to make him a party to said proceedings"; that immediately thereafter he employed counsel in Sheboygan, Wisconsin, to investigate. He wrote to attorneys in Chicago who gave him the information on September 19, 1940. But he was still not fully informed as to what had occurred, and went to Chicago on September 27, 1940, and contacted the office of the Chain O'Mines, and the attorneys for United Gilpin Corporation, for the purpose of gathering all of the material facts. Petitioner also stated that he learned of the facts on September 27, and employed Chicago counsel on September 30, 1940, who in turn prepared the petition which was presented to the court in a month.

It was error not to permit the petition to be filed. Plaintiff was entitled to be dismissed out of a suit wherein his name appeared as a plaintiff, upon a showing that the suit was instituted without his knowledge; that he contributed nothing toward the prosecution thereof, and that he never ratified its being brought.[*]

In this case the petitioners assert they never learned, until after judgment was entered, that a suit had ever been brought, wherein they were seven of the co-plaintiffs. The lapse of time, subsequent to entry of judgment, was explained. It could not justify a dismissal (or refusal of leave to file) on the ground that petitioners were guilty of laches or implied ratification. Petitioners were residents of Wisconsin, and it appears that upon learning that a judgment was rendered in a suit wherein they were plaintiffs, they employed counsel in their own state who sought information through attorneys in Chicago.

Complete information was obtained only when petitioners' representative went to Chicago and interviewed counsel for the company. Within a few days counsel were employed in Chicago to present the facts to the court. The entire time from date of discovery to date of application for relief was less than six months.

The order denying petitioners' right to file their petitions is Reversed, with direction that leave be granted to file the petitions.

---

[*] 31 Am. Jurisprudence, p. 290, sec. 752.