## BROUGHTON et al. v. UNITED GILPIN CORPORATION et al.

### No. 7927.

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1942.

Walter W. Hammond, of Kenosha, Wis., Herbert S. Humke, of Sheboygan, Wis., and Gerald M. Ungaro, Lyman W. Sherwood, and Johan Waage, all of Chicago, Ill., for appellants.

Abraham W. Brussell and John Mulder, both of Chicago, Ill., for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

A full fact statement may be found in the opinion in No. 7633, Anderson v. United Gilpin Corp., 7 Cir., 131 F.2d 819, this day announced. In appeal No. 7927, the fact situation differs from that in No. 7633, in this respect. In the latter case the court denied seven petitioners leave to file their petitions. In this appeal, No. 7927, the appellants were permitted to file their petition, but, on hearing, were denied the relief sought.

The basis for this ruling, we may assume, is either laches, implied ratification, or estoppel. We make this assumption after reading appellees' briefs.

The evidence necessitates the following fact findings: (a) Suit was brought by Chain O'Mines, Inc. (b) Fifty-five stockholders were made parties, so that jurisdiction of the Federal Court, on the ground of diversity of citizenship, might be asserted. (c) The suit was begun in the Federal Court for the Northern District of Illinois. (d) Appellants resided in Wisconsin. (e) Appellants did not know a suit had been begun, or that they were parties plaintiff in that suit. (f) They never authorized the suit nor did they authorize anyone to act for them in instituting the suit. (g) Judgment was entered, appeal taken, mandate on appeal filed, and the decree entered after reversal of first judgment, without their knowing that the suit had been begun or that they were parties to this, or any litigation. (h) Circular letters were sent out to stockholders by officers of Chain O'Mines, Inc. telling of the suit, which appellants either never received or never read. (i) The circulars, if received and read, would not have informed them that they were named as parties plaintiff. (j) Appellants learned of the suit and of being made parties plaintiff only after the decree of the District Court had been rendered. (k) Appellants acted with reasonable promptness, to be dismissed from suit, after learning a suit had been brought and they made parties plaintiff. They were not guilty of laches.

Defendants' position was in no way affected by petitioners' non-action during the period, April, 1940 to October, 1940, which were the dates that marked the discovery by them that they were made plaintiffs in the suit (some of the petitioners did not learn they were plaintiffs until September, 1940) and the date when they asked the court to dismiss them from the suit.

The District Court made no findings of fact. There can be no question, however, as to the foregoing findings, save possibly (h) and (i), which deny knowledge on the part of the petitioners of the existence of the suit and also of their authorization of the suit.

When reading the evidence bearing on this issue, it should be observed that petitioners' holdings were small. One held 102 shares. For the last two shares, he paid $4. The stock of Chain O'Mines had declined in value to almost nothing. Some stockholders, including petitioners, considered it worthless, and the officers had futilely endeavored to collect voluntary assessments of two cents a share.

Each petitioner stated, under oath, that he did not know of the existence of the suit, nor did he learn that there was a suit or that he was made a party, until the summer of 1940.

There is nothing to discredit any petitioner's statement. Defendants' sole reliance is upon a circular letter, which presumably was mailed to all stockholders, telling of the commencement of the suit and that "you were made a party plaintiff." The letter was addressed to "Dear Stockholder." It was, of course, false to say that every stockholder was a party plaintiff, although it was perhaps fair to conclude that the suit was, indirectly, for the benefit of all stockholders.

Chain O'Mines, Inc. was a mining company which owned mines far afield. Its record was one of consistent disappointment and increasing losses. In some respects it bore the appearance of a promotion company. Increasing debt, inability to pay taxes, failure to pay labor wages, accumulation of labor liens and tax liens, made up its story. See Chain O'Mines v. United Gilpin Corp., 7 Cir., 109 F.2d 617. The hopes of today became the bitter disappointments of tomorrow. Letters had been sent to stockholders soliciting donations from them to carry on the work.

There is no reason to reject the statement of petitioners that they did not receive the letters informing them of the beginning of a suit and that they were made party plaintiffs. It is inferable that the treasury of the company was so depleted that there were no funds to send out letters to the stockholders.

The chief beneficiaries of the suit, if successful, were the officers who started this litigation. It could possibly be said that they would be the only beneficiaries, even though the suit were unsuccessful. These officers had nothing to lose and everything to gain. They selected names of stockholders who lived far from the scene of the suit, and their action in making stockholders, parties plaintiff, was unauthorized and inexcusably presumptuous. Their only reliance for the contention that the petitioners knew of their action was a circular letter, allegedly sent out later, to the stockholders, containing the news that they had, without being consulted, been made parties plaintiff in a suit, which was ladened with a splendid prospect of much cost and expense, and was brightened only by small prospect of profit.

The fact issue resolves itself into this: Are we justified in rejecting the testimony of the seven petitioners on the assumption that a circular letter was sent out by Chain O'Mines, Inc., and received by petitioners?

When suit is brought by counsel, or authorized by officers of a corporation to be brought, in the name of individual stockholders, who were not consulted and who knew nothing of the commencement of the suit, the court is justified in drawing adverse conclusions respecting the parties who instituted the suit. If they be attorneys, disciplinary action is in order.

As against the word of stockholders, whose word is set in a background of circumstances which make their statement reasonable and rational, a claim of ratification by silence must be rejected.

The decree denying petitioners' motion to be stricken as parties plaintiff, is reversed, and the District Court is directed to enter an order expunging their names as parties plaintiffs.