**CHAIN O'MINES, Inc., et al. v. UNITED GILPIN CORPORATION et al.**

**No. 7928.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1942.

Abraham W. Brussell, and John Mulder, both of Chicago, Ill., for appellants.

Johan Waage, of Chicago, Ill., and Walter W. Hammond, of Kenosha, Wis., for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

For a statement of the facts, see opinion in No. 7633, Anderson v. United Gilpin Corp., 7 Cir., 131 F.2d 819, announced this day. The question on this appeal involves defendants' recoverable damages and their amount in a case like the one before us.

Plaintiffs sought, and in the District Court obtained, a decree against defendants, who were adjudged to have conspired to defraud, and to have defrauded, Chain O'Mines, Inc. Defendants were also directed to restore property and were enjoined in certain matters, etc. On appeal the decree was reversed, and the suit's dismissal, ordered. Upon remandment to the District Court, the mandate was ignored, and among other relief granted to defendants, was the recovery of damages for the determination of which the court retained jurisdiction.

The decree in this respect read:

"* * * Plaintiffs are liable to Defendants for damages sustained by Defendants as a result of the entry of the Decree of April 9th, A. D. 1938 * * *."

Petitioners, as well as other parties, deny the recoverability of the damages sought, and the court sustained the plaintiffs' contention that the kind of damages claimed were not recoverable.

The damages claimed, separately stated, were, as follows:

United Gilpin Corporation claimed damages (1) to its assets by being deprived of its property and for depreciation of mechanical equipment; (2) the prevention of its "carrying on its mining activities and suffering taxes to become unpaid"; (3) loss of moneys advanced by it to the Securities Exchange Commission for the purpose of qualifying stock; (4) cash or liability for expenditures for legal counsel, stenographers' fees, printing, and the like; (5) damages resulting from being forced into involuntary bankruptcy.

Defendant Kremm claimed damages (1) to his reputation, trade and business, and his resulting disability from obtaining employment as a result of the decree finding him guilty of fraud; (2) damages resulting from his arrest and incarceration in jail on execution process, and injury to his occupation resulting from publicity given thereto; (3) cash or liability for counsel fees, stenographers' fees, and the like in obtaining a release from jail.

Defendant Schwerin claimed damages similar to Kremm. Defendant Bee Dee Management Company claimed damages arising out of its cancellation of a mortgage, its principal asset, which resulted in its bankruptcy; cash or liability for counsel fees, stenographers' fees, and printing.

Recovery of damages in this suit must be denied for two reasons:

(a) The mandate of this court to the District Court was to dismiss the suit.

(b) The damages sought were not recoverable.

The retained jurisdiction of the court for the purpose of permitting a trial and an award of damages violated the explicit mandate of the Circuit Court of Appeals, which definitely controlled the action of the District Court. Luminous Unit Company v. Freeman-Sweet Company, 7 Cir., 3 F.2d 577; Lackner v. Starr, 7 Cir., 2 F.2d 516.

The District Court, under the plain mandate of the appellate court, was under compulsion to dismiss the suit. If defendants desired different and additional relief, they should have sought and secured a modification of the mandate of the appellate court.

However, if the court had jurisdiction of the suit or proceedings to recover damages growing out of the entry of the erroneous decree, which was reversed on appeal, the damages, which they have here sought, are clearly outside the scope of recoverable damages. Kansas City Southern Railway Co. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659. 3 American Jurisprudence, p. 749, sec. 1256. Bridges v. McAllister, 106 Ky. 791, 51 S.W. 603, 45 L.R.A. 800, 90 Am.St.Rep. 267.

The District Court was clearly right in denying recovery of the damages sought.

The part of the decree from which this appeal is taken, is affirmed.