MANATI SUGAR COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36815. Promulgated May 31, 1932.

*R. B. Goodell, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

**OPINION.**

ARUNDELL: There is no dispute between the parties as to the deduction allowed for the 1921 net loss. The controversy arises out of the amount of the 1922 net loss allowable as a deduction for 1923, which, according to computations of the parties will depend upon the treatment to be given the Cuban income tax. Income for 1924 will be affected by the amount of the 1922 net loss which is not absorbed by 1923 income.

Petitioner contends that in determining its net income for 1923, the Cuban income tax should be applied as a credit rather than allowed as a deduction and that the computation should be made as follows:

| | | |
|---|---|---|
| Net income before deduction of Cuban income tax or prior years' losses | | $1,017,526.07 |
| Deduct: | | |
| Cuban income tax | Nil | |
| Five-sixths of net loss for fiscal year 1921 | $206,529.14 | |
| Portion of net loss for fiscal year 1922 | 4,541.09 | |
| | | 211,070.23 |
| Balance subject to tax | | 806,455.84 |
| Tax at 12½% | | $100,806.98 |
| Credit for Cuban income tax | | 100,806.98 |
| Amount of tax | | Nil |

As set out in the findings of fact, respondent allowed as a deduction for the 1921 net loss the same amount as contended for by peti-

tioner and in addition allowed as deductions the 1923 Cuban income tax in the amount of $100,806.98 and $710,189.95 of the 1922 net loss. The effect of the petitioner's method is to carry over as a deduction for 1924 an amount of $811,691.81 as the portion of the 1922 net loss unabsorbed by 1923 income, as against $106,042.95 carried over under respondent's computation, a difference of $705,648.86.

Section 238(a) of the Revenue Act of 1921, as far as material here provides as follows:

That in the case of a domestic corporation the tax imposed by this title, plus the war-profits and excess-profits taxes, if any, shall be credited with the amount of any income, war-profits, and excess-profits taxes paid during the same taxable year to any foreign country, or to any possession of the United States * * *.

As the parties have raised no question as to whether the Cuban income tax here involved is of the character referred to in the statute quoted, we will assume that it is such a tax. Section 200(4) of the Revenue Act of 1921 defines " paid " as meaning " paid or accrued " for the purposes of deductions and credits, and so there is no question as to whether the tax was " paid " within the meaning of section 238(a).

Under section 204(b) of the Revenue Act of 1921 the petitioner's net loss for 1922 was allowable as a deduction " from the net income " for 1923. *Burnet* v. *Moore Cotton Mills Co.*, 49 Fed. (2d) 59. Section 238(a) allows the foreign tax to be applied as a credit against the tax which our Federal statute imposes on net income. Thus the question here is, Shall the net loss deduction or the foreign tax credit be given precedence? That is, shall the net loss be allowed as a deduction to the extent of the net income, or shall the net loss be disregarded for the moment and a tax computed equal to the foreign tax and then only a sufficient amount of the net loss be deducted so as to result in no tax?

It would seem to be entirely logical and in accordance with the plan of the statute first to deduct the net loss and thus determine whether there is any tax against which to apply the foreign tax credit. The plan of the taxing statute is to impose an income tax on net income. Beginning with the Revenue Act of 1921, taxpayers have been permitted to reduce net income for any given year on account of net losses sustained in prior years. It is on the net income for the year, as so reduced, that the tax is computed, and it is not until then, that is, after the computation is made, that the credit for foreign taxes can be applied. Until that stage in the computation is reached there is nothing against which to apply the credit. The method proposed by petitioner is just the reverse of this. Under it sufficient Federal tax is computed to be absorbed by the application of the credit for the foreign tax, and then work-

ing backward from this the amount of net income necessary to produce this tax is calculated, to which is added only a sufficient amount of the prior year's net loss to equal net income before deduction of the net loss.

Petitioner's defense of its method is that it thereby obtains a credit which the statute clearly was designed to give it. We construe section 238(a) to mean merely that where a calculation under other provisions of the statute produces a tax, then the foreign tax credit may be applied. It certainly was never intended that arithmetical gymnastics should be indulged in so as to produce a wholly artificial tax against which to apply the credit for foreign taxes. Counsel for respondent aptly states in his brief that "manifestly the statute [section 238(a)] applies only to corporations which have a tax liability."

We do not see wherein the recent decision of *Burnet* v. *Chicago Portrait Co.*, 281 U. S. 1, cited by petitioner, has any bearing on the question before us. The question for decision there was whether New South Wales was a "foreign country" within the meaning of the statute and the court was not asked to determine the method of applying the credit. Petitioner quotes parts of the opinion wherein the court says that "the primary design of the provision was to mitigate the evil of double taxation" and that "in relation to income taxes paid outside these borders [of continental United States], the provision as to credits was enacted to give greater and not less relief." Under the respondent's computation petitioner has no tax to pay to the United States for 1923 and there is no room for invoking any condemnation against double taxation. The latter quotation from the opinion merely states the reason for allowing a credit for foreign taxes as distinguished from deductions allowed for taxes paid to the States of the Union. It does not say that a credit is somehow to be allowed even though there is no tax when other provisions of the statute are applied, which seems to be petitioner's construction of it.

We accordingly find no error in respondent's refusal to allow a credit for the year 1923 on account of the Cuban tax as contended for by petitioner. We do not understand petitioner to be claiming that in any event the Cuban tax should not be allowed as a deduction and so we do not pass on the propriety of the respondent's allowance of the tax as a deduction from gross income. It follows that no adjustment will be made in the amount of the net loss carried forward to 1924, and the respondent's determination for that year is affirmed.

*Decision will be entered for the respondent.*