### NELSON v. LEWIS et al.

District Court, W. D. New York.
Jan. 3, 1935.

For opinion of Circuit Court of Appeals, see 73 F.(2d) 521.

Sutherland & Sutherland, of Rochester, N. Y. (Arthur E. Sutherland, Sr., of Rochester, N. Y.), for the motion.

Charles Platt Williams, of Lyons, N. Y., opposed.

RIPPEY, District Judge.

A mandate from the Circuit Court of Appeals, Second Circuit, reversing the decree of the District Court in favor of the plaintiff in the above-entitled action has been filed in the District Court, and defendants move for a dismissal of the complaint on the merits in conformity to such mandate.

In Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029, it was held that, upon a mandate from the Circuit Court of Appeals to the District Court reversing a judgment in favor of either party in an action at law, the case must go back for a new trial.

The effect of a mandate in an equity case where it directs only a reversal of a decree is considered in Re Sanford Fork & Tool Co., 160 U. S. 247, 16 S. Ct. 291, 293, 40 L. Ed. 414, where it is said: "When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. * * * But the circuit court may consider and decide any matters left open by the mandate of this court; and its decision of such matters can be reviewed by a new appeal only. * * * The opinion delivered by this court at the time of rendering its decree may be consulted to ascertain what was intended by its mandate, and either upon an application for a writ of mandamus or upon a new appeal it is for this court to construe its own mandate, and to act accordingly." To like effect, see Kansas City So. Ry. v. Guardian Trust Co., 281 U. S. 1, 11, 50 S. Ct. 194, 74 L. Ed. 659; In re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994.

The decree and mandate of the Circuit Court of Appeals has precisely the same finality as those of the Supreme Court, and the District Court, with the same limitations of power to act, must do what is directed by the mandate to be done. Bissell Carpet-Sweeper Co. v. Goshen Sweeper Co. (C. C. A.) 72 F. 545.

The mandate in this case is in the customary form, and directs "that such further proceedings be had in said cause, in accordance with the decision of this Court as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding." The effect of

408

this form of mandate is to put the case in the same position as if no decree had ever been entered in the District Court. If issues were left undetermined in the Circuit Court, the District Court should proceed to take proofs and decide them. Hawkins v. Cleveland, C., C. & St. L. R. Co. (C. C. A.) 99 F. 322; Bondy v. Harvey et al. (C. C. A.) 62 F.(2d) 521. But all issues determined in the Circuit Court are res adjudicata. See cases, supra.

From the complaint in this action it appears that the defendant, Robert Lewis, then having on deposit $3,215.44 with the First National Bank of Macedon, on December 31, 1928, made an agreement with the bank whereby he agreed to increase his deposits to the amount of $65,000, and the bank agreed to transfer and pledge to him various properties which it had of the value of $65,000 as security against loss; that, on the same day, the bank carried out its part of the agreement by depositing its bonds and securities to the amount of the value of $65,000 in the name of Robert Lewis in the Hanover National Bank of the City of New York, and the securities remained with the Hanover Bank as such pledge until April 3, 1931; that Lewis carried out his part of the agreement by depositing in his account with the First National Bank of Macedon, on December 31, 1928, the sum of $61,886.06; that Lewis withdrew from the deposit account $10,000 on July 3, 1929, $10,000 on October 16, 1930, $10,000 on December 19, 1930, and $15,000 on April 1, 1931, in cash, leaving a balance in the account of $28,690.84 to his credit; that on April 3, 1931, the bank transferred to Lewis bonds then held by the Hanover Bank as a pledge for the deposit of the agreed value of $25,975 and a customer's note for $1,075, and paid the balance of the account in cash.

The bank failed on April 8, 1931, and plaintiff, as receiver, sued to recover back the payments made on the grounds that the payments were made as the consummation of the illegal pledge, and that the payments were preferential. The defendants denied that the payments of money and transfer of securities were either illegal or preferential, and alleged that the payments and transfers were in good faith and in the ordinary course of business while the bank was solvent.

The case was tried before the District Court for the Western District of New York, without a jury, and resulted in a decree for plaintiff. Defendants appealed to the Circuit Court of Appeals, and the decree was reversed as above noted. The mandate contains no specific directions for a new trial.

It appears from the opinion and decision of the Circuit Court of Appeals that the reversal was on all issues raised by the pleadings. There is then no issue left undetermined, and there is nothing further to try or decide. As all questions involved in this case have been finally decided by the upper court on the merits both upon the facts and the law, there is nothing left for the District Court to do except to dismiss the complaint.

The better practice would seem to be to notice the case for trial and move the cause when reached on the calendar and then move for a dismissal of the complaint on the merits. No objection to bringing the matter before the court by way of motion has been made.

Plaintiff objects to the granting of the motion on the ground that it is premature, in that it is made before the time has expired within which plaintiff may apply for a writ of certiorari to review, in the Supreme Court, the decision of the Circuit Court of Appeals.

Appeal may be taken in this case only by writ of certiorari (28 USCA § 347), and this writ must be applied for within three months after the entry of such judgment or decree (28 USCA § 350). The judgment or decree referred to in this section is the final judgment of Circuit Court of Appeals and not the judgment of the District Court upon the mandate. Boylan v. U. S., 257 U. S. 614, 42 S. Ct. 113, 66 L. Ed. 397. The judgment of the Circuit Court of Appeals must be entered by the clerk on the filing of the decision. Rule XXIX, C. C. A. Rules. Application for the writ of certiorari must be made to the Supreme Court, but application for a stay should be made, in the first instance, to the Circuit Court of Appeals. Magnum Import Co., Inc., v. Coty, 262 U. S. 159, 162, 163, 43 S. Ct. 531, 67 L. Ed. 922.

Under rule XXIX of the Circuit Court of Appeals for the Second Circuit, a mandate may issue at any time and shall issue at the expiration of fifteen days after the filing of the opinion of the court in the clerk's office unless otherwise ordered or unless delayed by the filing of a petition for a rehearing. In addition, the issuance of the mandate may be stayed for not more than thirty days in case application for certiorari is made within fifteen days, except that, if within

the period of such stay, there is filed with the clerk of the Circuit Court of Appeals the certificate of the clerk of the Supreme Court that the certiorari petition, record, and briefs have been filed with proof of notice, as required by paragraph 3 of rule 35 of the Supreme Court (28 USCA § 354), thereupon the stay shall continue until the final disposition of the case by the Supreme Court. Whenever the application for a stay is made, the stay ceases immediately on the filing of a copy of the order denying the writ, and the mandate must thereupon forthwith issue.

In the matter at bar, no stay of proceedings has been applied for, or granted and no application for a writ of certiorari has been made. The issuance of the mandate of the Circuit Court of Appeals was not stayed, and it was issued in regular order by the clerk on December 5, 1934, and filed with the clerk of the District Court, December 6, 1934, as provided by the rules.

The motion to dismiss the complaint on the merits must be granted. The decree may be presented for settlement and signature on five days' notice.