**GOLD DUST CORPORATION v. HOFFENBERG et al.**

**No. 1669.**

District Court, W. D. New York.

Feb. 14, 1936.

Decree in accordance with opinion.

W. Lee Helms, of New York City, and Paul R. Taylor, of Rochester, N. Y., for plaintiff.

Jack G. Lubelle, of Rochester, N. Y., for defendants.

RIPPEY, District Judge.

A motion for rehearing was brought before the court on January 27, 1936. Later the plaintiff withdrew said motion in writing, and on such withdrawal the petition for rehearing is dismissed.

Defendants also moved on January 27, 1936, for a final decree dismissing the complaint and submitting therewith a bill of costs, which included an item of $750 for attorney's fees, which item is reasonable in amount and should be allowed if there is any authority for this court to make such an allowance.

There is no doubt as to the power of the court to make an allowance in an equity proceeding in a proper case. Guardian Trust Co. v. Kansas City Southern Ry. Co. (C.C.A.) 28 F.(2d) 233, reversed on other grounds 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659. It was held in this case that, where there is no fund in court out of which such fees may be paid, allowance should be made in the following classes of cases: (1) Where gross charges of fraud and misconduct have been made but not sustained; (2) where the main grounds of the suit are false, unjust, vexatious, wanton, or oppressive, and clearly shown to be such; (3) where a fiduciary relationship exists between the parties.

This action was brought for infringement of a trade-mark and for unfair competition. On the trial of the action, plaintiff attempted to show by witnesses that the defendants had deliberately attempted to deceive the public by pawning off their goods as the goods of the plaintiff and had attempted willfully and fraudulently to make use of the good will of the plaintiff and to take advantage of its extensive and costly advertising to bring about sales of their own goods on false and fraudulent representations that their goods were in fact the goods of the plaintiff. This charge has not been sustained. Furthermore, there was not a prompt and vigorous prosecution of the action by the plaintiff such as might have been expected if the complaint was based on any substantial grounds or any substantial damage was being caused plaintiff by the defendants' conduct. Admissions were made by counsel for plaintiff during the course of the trial substantially to the effect that, although the action was brought

to restrain the defendants from using the name and marks on the theory of infringement of the plaintiff's trade-mark, nevertheless the plaintiff could not object, and did not object, to the use of the marks indicating origin of the goods marked, in so far as Morris Hoffenberg was concerned. It further appeared that, although plaintiff's knew of the use by defendants or some of them of the mark "Silver Dust" for many years, plaintiff later procured a trade-mark through the Patent Office on the expression "Silver Dust," and in the complaint alleged that the defendants were infringing on that mark, and in their prayer for relief sought an injunction against the use of that mark by the defendants and for an accounting of all goods sold thereunder; yet upon the trial the plaintiff abandoned any claim of infringement so far as the use of the mark "Silver Dust" standing alone was concerned, and in its brief stated that it relied upon the "Gold Dust" trade-mark and the conflicting similarity of "Silver Dust" to that trade-mark. For those and other reasons it would seem that the case comes within the first two classes mentioned in the Guardian Trust Co. Case, supra, and within the decision of Gazan v. Vadsco Sales Corporation et al. (D.C.) 6 F.Supp. 568.

In view of the foregoing, the costs as proposed by defendants, aggregating $800, which includes an extra allowance of attorney's fees of $750, will be allowed.