**ABEL et al. v. LOUGHMAN et al.**

**No. 8476.**

District Court, E. D. New York.

May 12, 1941.

**FRAZIER v. NEW ENGLAND NEWSPAPER PUB. CO.**

**No. 749.**

District Court, D. Massachusetts.

April 24, 1941.

David A. Rose, of Boston, Mass., for plaintiff.

Gerald May, of Boston, Mass., for defendant.

Abraham Fishbein, of New York City, for plaintiffs.

Edwin V. Hellawell, of New York City, for defendants.

MOSCOWITZ, District Judge.

This is a motion for an additional allowance of costs to be payable by plaintiffs to cover the expenses incurred by the defendants in the defense of this suit. The request for additional costs is based upon the charge that plaintiffs instituted this litigation in bad faith and have recklessly charged the defendants with fraud and wrongdoing without foundation in fact. Defendants ask the Court to exercise its power as an equity court to grant such additional costs.

The historical power of an equity court to allow additional costs is well recognized. It has only recently been adverted to in Reconstruction Finance Corporation v. J. G. Menihan Corp., 61 S.Ct. 485, 85 L.Ed. ——, and discussed in Sprague v. Ticonic Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, and Guardian Trust Co. v. Kansas City Southern R. Co., 8 Cir., 28 F.2d 233, reversed on other grounds 281 U.S. 1, 50 S. Ct. 194, 74 L.Ed, 659.

■ The consolidation of law and equity pursuant to the New Rules of Federal Procedure, 28 U.S.C.A. following section 723c, being merely procedural, has not affected this inherent power of a court sitting as an equity court. These Rules, therefore, have not affected the power to grant additional costs.

■ The question of power, however, is apart from that of the practice with reference to the exercise of the court's discretion in granting such costs. In Gold Dust Corporation v. Hoffenberg, 87 F.2d 451, the Circuit Court of Appeals of this Circuit recognized the power of a federal equity court to award additional costs where gross and wilful charges have been made and are unsustained, but it went on to point out that "the allowance of costs has with practical uniformity been restricted to those authorized by the fee bill or by some other statutory provision. The Circuit Court therefore reversed the decree of the District Court, 13 F.Supp. 794, allowing additional costs. Guardian Trust Co. v. Kansas City Southern R. Co., supra, was distinguished as being a case where a fund had been brought into court.

■ The court has already decided that there was no foundation for the claim of fraud against the defendants. The plaintiffs' counsel at the opening of the trial conceded that there was no "moral" fraud but merely "legal" fraud. Evidently, the form of action brought herein was the only one that could determine the character of the issues raised. Defendants have suffered no personal loss. Plaintiffs have lost their case and will be required to pay the statutory costs and should not be further penalized.

Motion denied. Settle order on notice.