## FEDERAL SAVINGS & LOAN INS. CORPORATION v. FIRST NAT. BANK, LIBERTY, MO.

### No. 1755.

District Court, W. D. Missouri, W. D.

Feb. 8, 1945.

See, also, 3 F.R.D. 487.

Charles M. Miller, of Kansas City, Mo., for plaintiff.

William S. Hogsett, of Kansas City, Mo., and Francis G. Hale, of Liberty, Mo., for defendant.

REEVES, District Judge.

By written motion the plaintiff seeks to dismiss its action without prejudice. In said motion the plaintiff endeavors to limit, or itself prescribe the terms and conditions upon which said dismissal may be ordered. It particularly asks that the terms be limited to costs, including counsel fees as prescribed by Title 28 U.S.C.A. §§ 571, 572. However, said Section 571 contains an exception insofar as the right of attorneys to arrange for larger fees than those prescribed by statute are concerned. This is the language of the section: "But nothing herein shall be construed to prohibit. attorneys, * * * from charging to and receiving from their clients, * * * such reasonable compensation for their services, in addition to the taxable costs, as may be in accordance with general usage in their respective States, or may be agreed upon between the parties."

The motion submitted is a limited one. Either the court should order a dismissal without prejudice, with the limitations contained in the motion, or said motion should be overruled.

The facts as disclosed at the hearing on the motion are that this suit was filed by· plaintiff March 20, 1944. There were eleven counts in the complaint, each one seeking recovery of money in a considerable amount, the aggregate being in the sum of $27,427.54. On June 26, 1944, the plaintiff filed an amended complaint wherein it increased the aggregate to $52,571.99. The defendant answered the original complaint April 27, 1944, and the amended complaint on July 1, 1944. Thereafter, the issues having been made up, preparation went forward on both sides for the trial of the case. Sundry motions were filed, argued and submitted to the court. Numerous papers and documents were obtained on appropriate motions by the defendant's counsel in preparation for the trial. Many conferences were held and briefs prepared for the impending trial. Much time was spent by counsel in examining numerous documents and searching records necessarily complicated by the very nature of the case. For· the services of counsel and expenses, the defendant paid an aggregate

of $6,741.15; of this sum $6,250 was paid to counsel. There was no controversy but that the amount paid was disbursed in good faith and that compensation paid for services of counsel was reasonable.

In considering said motion, it must be accepted as a fact that in preparing the case for trial the defendant reasonably expended $6,741.15. The question for decision, therefore, is whether the plaintiff should be permitted to dismiss its action upon terms restricting the costs to the court costs, including attorneys' fees as limited by the statutes above mentioned.

■ 1. The plaintiff would have a right in asking for a dismissal of its case without prejudice to limit or prescribe the terms and conditions upon which it would be willing to have its cause dismissed. The court could either accept the terms and conditions and adopt them in the order of dismissal, or, if the facts warranted, the court could refuse to dismiss upon the limited terms and conditions named by the plaintiff.

■ 2. It is the views of counsel for the plaintiff that the court would be without authority to require the reimbursement of the defendant for expenses in preparation for trial. Counsel is of the opinion that the attorneys' fees to be considered in a proceeding of this kind would be limited to the statutory fees. However, in the case of Kansas City So. R. Co. v. Guardian Trust Co., 281 U.S. 1, loc. cit. 9, 50 S.Ct. 194, 197, 74 L.Ed. 659, the court said, with respect to the statutes above mentioned: "The nominal amounts fixed by statute (28 U.S.C. §§ 571, 572, 28 U.S.C.A. §§ 571, 572), and taxable as attorneys' fees, are not meant to cover the compensation to which lawyers in charge of the litigation are reasonably entitled."

This decision is important in the consideration of the question here involved.

■ 3. To ascertain the power of the court under Rule 41 of the Rules of Civil Procedure in the Federal Courts, 28 U.S.C. A. following section 723c, it is only necessary to read the rule. The pertinent portion of rule 41(a) (2) is as follows: "* * * Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

Concededly, this provision of the rule is applicable to this case in its present status. It will be observed that the rule does not provide that the court is only authorized or can do no more than to require the payment of costs. If such had been the intent of the framers of the rule, such a provision could easily have been made. The rule empowers the court to exercise a discretion by fixing the terms and conditions wholly apart from the question of statutory costs. A mere dismissal of the case would involve precisely the conditions named by the plaintiff in its motion. Without naming the terms and conditions, a dismissal of a case by a plaintiff would devolve upon the plaintiff the obligation to pay the costs, including statutory attorneys' fees. The court need not name such terms and conditions as the statute automatically fixes such terms and conditions. The rule under observation, however, intended to clothe the court with authority, when dismissal is made at the instance of plaintiff, to grant such request by naming "such terms and conditions as the court deems proper."

A dismissal of plaintiff's case on its motion would be without terms and conditions and would be disregardful of said Rule 41.

It would follow that plaintiff's amended motion does not add anything to the original motion, which simply asked for a dismissal without prejudice.

■ 4. The evidence shows that the defendant had made elaborate preparation for the trial of the case. It had expended a large sum of money, including $6,250 for attorneys' fees. As indicated in Kansas City So. R. Co. v. Guardian Trust Co., supra, the nominal amount fixed by the statute is not intended "to cover the compensation to which lawyers in charge of the litigation are reasonably entitled."

In the absence of countervailing proof, the fees paid counsel and the expenses incurred by the defendant were all reasonable and proper. It was surely not the intent of the framers of the rule to contemplate the dismissal of a case in the way suggested by plaintiff, without taking into consideration the expenses incurred by the defendant in preparing the case. The rule must have a meaning apart from the usual judgment for costs.

In one of the cases relied upon by plaintiff, Sioux County v. Nat. Surety Co., 276 U.S. 238, 48 S.Ct. 239, 241, 72 L.Ed. 547, **Mr. Justice Stone,** (now Chief Justice

Stone) went so far as to treat a judgment for attorneys' fees as being a judgment for costs, but not in the usual sense. The court said: "That the statute (reference to a Nebraska Statute) directs the allowance, which is made to plaintiff, to be added to the judgment as costs are added does not make it costs in the ordinary sense of the traditional, arbitrary and small fees of court officers, attorneys' docket fees and the like, allowed to counsel by R.S. §§ 823, 824." (Now Title 28 U.S.C.A. §§ 571, 572.)

5. The rule, moreover, does not require an original interpretation for the reason that this is not a case of first impression. In McCann v. Bentley Stores Corporation, D.C., 34 F.Supp. 234, loc. cit. 235, the late Judge Otis of this court considered the identical question, and said: "When the Supreme Court promulgated this rule and provided that the court might permit a dismissal without prejudice 'upon such terms and conditions as the court deems proper' * * * no 'terms and conditions' are conceivable except such as are calculated to compensate the defendant for the expense to which he has been put."

Judge Nordbye, of the District of Minnesota, in Welter v. E. I. Du Pont de Nemours & Co., D. C., 1 F.R.D. 551, loc. cit. 553, said substantially the same thing, as follows: "However, if plaintiff desires now to avail himself of his right to dismiss in this court and subject defendants to another lawsuit in State Court on the same issues, he should be required to pay the reasonable costs and attorneys' fees incurred herein by the defendants. It is fair to presume that the present rule 41 (a) (2) was promulgated for that very purpose."

Many other cases have been decided in the same way, and, without exception, the broader interpretation has been placed upon the rule.

6. It is the contention of the defendant that this court should dismiss the case without prejudice by requiring the reimbursement of the defendant for its expense in preparation for trial. The history of the case and the record would not justify that action. If dismissed without prejudice, such should be the order, however, as contended by defendant. The plaintiff only seeks a dismissal if it can have an order requiring it to pay statutory costs only.

As indicated above, it is not entitled to such an order. Moreover, the court would have no right upon the motion as presented to name conditions and terms the plaintiff seeks to avoid. The plaintiff has not been dilatory or indifferent and has done no act that would justify the court in dismissing the action of its own motion, or with an order broader than that contemplated by plaintiff's motion.

The cases cited by the defendant have been examined. The principal one relied upon was Walker v. Spencer et al., 10 Cir., 123 F.2d 347, loc. cit. 350. In that case the court points out that the two methods were provided in Rule 41 for the dismissal by plaintiff of his action. The court then significantly said: "* * * but neither of them has application here." The court said that, for the reason that the plaintiff sought to have his action dismissed without prejudice. The court refused to do that, but, on the contrary, of its own motion dismissed the action with prejudice because there had been a total lack of diligence in the preparation for trial and the conduct of counsel was negligent and indifferent in the extreme, as, otherwise, it may be inferred from the opinion, the court would have gone no further than refuse to dismiss without prejudice.

In view of the above, it is within the right of the plaintiff to limit its motion for dismissal without prejudice, but, in view of the facts, such motion should not be sustained. It may be suggested that the only terms and conditions upon which the case should be dismissed without prejudice would be upon an order requiring the plaintiff to reimburse the defendant for its outlay in preparation for trial. Since the plaintiff has limited the terms and conditions by its motion, and as such limitation does not accord with what "the court deems proper," the motion to dismiss as filed will be overruled, and it will be so ordered.