**William H. PRICE, Jr., Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

No. 2803.

United States District Court
E. D. Virginia,
Norfolk Division.

June 23, 1961.

See also 179 F.Supp. 309.

Gordon E. Campbell, Wayne E. Lustig, Norfolk, Va., for plaintiff.

Joseph S. Bambacus, Richmond, Va., Michael A. Korb, Jr., Norfolk, Va., for defendants.

WALTER E. HOFFMAN, District Judge.

In this Federal Tort Claims Act case, plaintiff has recovered a judgment in the sum of $96,800 of which amount $45,000 was allocated for loss of earnings, the sum of $50,000 was designated for "pain, suffering, embarrassment and mental anguish," and $1,800 was for medical expenses, etc. In its initial memorandum the Court discussed the fee allowable to plaintiff's attorney and, for reasons therein stated, fixed a fee of $6,000. The Court stated:

> "Making allowance for the customary efforts in discovery processes, a fair and reasonable attorney's fee is determined to be $6,000.00 which, in the event of an appeal by the defendants, will be increased by an additional $1,500.00."

The memorandum was filed on May 13, 1959. No contention was then advanced by counsel for plaintiff that the fee was inadequate. The matter was continued for further hearing on the contention of the United States that a credit or offset should be allowed on said award by virtue of the fact that the plaintiff was receiving a disability benefit in the sum of $164 per month under the Civil Service Retirement Act of 1956, 5 U.S.C.A. § 2251 et seq., which was being paid to him for the identical injury constituting the basis of this action.

The matter was thereafter briefed and argued on the issue of credit or offset. Had the Government prevailed, it would have resulted in a reduction of the judgment to the extent of approximately $39,-000. By its memorandum dated December 30, 1959, the Court concluded this issue against the United States. Price v. United States, D.C., 179 F.Supp. 309, 315. In taking cognizance of the additional services of counsel, the Court said:

> "By reason of the additional services required of counsel for plaintiff in this court, the attorney's fees will be increased to $7,500, with the same provision as heretofore noted in the prior memorandum for an additional allowance in the event of appeal."

The action of the Court in increasing the attorney's fee at this stage of the proceedings was *ex mero motu*. The judgment order was entered on January 19, 1960, the pertinent portion of which reads as follows:

> "Ordered and adjudged, that the plaintiff, William H. Price, Jr., have judgment against the defendants in the sum of Ninety Six Thousand Eight Hundred ($96,800.00) Dollars; that from said judgment, and not in addition to, the plaintiff's attorney, Gordon E. Campbell, receive for his services Seven Thousand Five Hundred ($7,500.00) Dollars, which in the event of an appeal will be increased by an additional One Thousand Five Hundred ($1,500.00) dollars."

The foregoing judgment order was prepared and presented by counsel for plaintiff. Up until this date no complaint had been registered as to the inadequacy of counsel fees.

On the contested issue of the propriety of a credit or offset, the case was appealed by the defendant to the Court of Appeals for the Fourth Circuit, where it was affirmed. United States v. Price, 4 Cir., 288 F.2d 448. No question was raised as to the adequacy of counsel fees and, of course, the matter was not discussed or considered on appeal. The mandate of the Court of Appeals, dated February 23, 1961, was filed in the district court on March 28, 1961. After reciting the judgment of the district court dated January 19, 1960, which included appropriate reference to the attorney's fee as hereinabove mentioned, the mandate states:

> "It is now here ordered and adjudged by this Court that the judgment of the said District Court appealed from, in this cause, be, and the same is hereby, affirmed with costs."

On April 17, 1961, the attorney for the plaintiff filed a petition herein requesting an increase of the sum allowed for attorney's fee which, as noted, was $9,-000, by reason of the appeal to the Court of Appeals. By letter dated May 8, 1961, the attorney for plaintiff was advised that the Solicitor General of the United States had decided not to seek a writ of certiorari. While the petition seeking an increase refers to the probability of an appeal to the Supreme Court of the United States, the attorney for plaintiff now requests that the Court reconsider its prior allowance as specified in the judgment order.

Notice of the filing of said petition was given to plaintiff in person. He appeared at the hearing but did not wish to be represented by counsel. The plaintiff, while admitting that his attorney performed valuable services in his behalf, advances some frivolous argument that his attorney had failed to keep him promptly advised of certain changes in the dates of hearings and arguments.

The Court has raised the issue of jurisdiction to entertain the attorney's petition. In his brief, it is argued that the petition should be treated as a request for relief from a final judgment under Rule 60(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Assuming that it is proper to consider the matter in the light of Rule 60(b) (6), it is abundantly clear that this Court is powerless to act on the motion of plaintiff's attor-

ney without leave from the Court of Appeals. Tribble v. Bruin, 4 Cir., 279 F.2d 424.

■ This is not a case in which the matter of attorney's fees was inadvertently overlooked or postponed. The allowance was made and contained within the judgment order. The mandate from the Court of Appeals required the execution of the order, and the District Court cannot vary it or give any further relief. Kansas City So. Ry. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659; In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414. Had the paragraph respecting attorney's fees not been included within the judgment order, the District Court would feel free to pass upon the same, but the mandate controlled all matters within its compass. Sprague v. Ticonic Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184. The fee allowed by the District Court was not contingent upon the result, and counsel would have received $9,000 even though the United States had prevailed, thereby reducing the judgment by the approximate sum of $39,000. The time for counsel to seek reconsideration of the allowance was prior to the appeal or, in any event, in the form of a request to the Court of Appeals that the mandate reserve to the District Court the further right to reconsider the fee allowed as a part of the judgment.

While there is authority to the effect that no preliminary petition to reopen need be filed in the appellate court, Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 127 F.2d 716, the conclusion reached in Tribble forecloses any further discussion of the matter.

■ Without passing upon the merits of the attorney's request for an increase in the allowance of attorney's fees covering services specifically covered by the judgment order, the Court is of the opinion that the petition, treated as a motion under Rule 60(b) (6), must be denied. The conclusion reached should not be construed as applicable to situations in which no provision is made for an allowance in the event of appeal, or where the question of attorney's fees is omitted or reserved. As to the amount allowed by way of attorney's fees, the attorney is entitled to such interest thereon as may be paid by the defendants.