**Donald L. STACY et al.**

v.

**John D. WILLIAMS et al.**

**Danny E. Cupit et al.**
and
**Laurance R. MITLIN et al.**

v.

**M. M. ROBERTS et al.**

Nos. WC 6725–K, WC 6837–K.

United States District Court,
N. D. Mississippi, W. D.

April 16, 1970.

See also D.C., 312 F.Supp. 742.

J. Wesley Watkins, III, Eugene M. Bogen, James L. Robertson, Greenville, Miss., for plaintiffs.

James Rankin, Asst. Atty. Gen., Jackson, Miss., M. M. Roberts, Hattiesburg, Miss., for defendants.

MEMORANDUM OPINION ON DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUESTS FOR TAXATION OF COSTS AND ALLOWANCE OF ATTORNEYS' FEES

Before COLEMAN, Circuit Judge, and RUSSELL and KEADY, District Judges.

PER CURIAM.

On December 1, 1969, this court entered its final decree and attached memorandum opinion adjudicating this case on its merits. Stacy v. Williams, 306 F.Supp. 963 (D.C.1969). That decree provided at page 3, ¶ (7) "that all costs [of the suit should] be taxed against defendants." On December 9, 1969, plaintiffs filed an itemized Bill of Costs amounting to $1,108.11 for taxation against defendants. Objections to certain items claimed as costs were filed by defendants on December 24, 1969. Thereafter, on February 11, 1970, plaintiffs moved the court for leave to amend their Bill of Costs for an allowance of reasonable attorneys' fees, or in the alternative for allowance of attorneys' fees to plaintiffs' counsel apart from costs. Plaintiffs' attorneys have claimed their services to be reasonably worth $18,280. The foregoing motions and objections were submitted to the court on briefs of counsel and are now before the court for decision.

■ As a preliminary objection, defendants contend that under Miss. Code 1942 Ann. § 1573,[1] neither court costs nor attorneys' fees may be taxed against defendant Board of Trustees because it is an agency of the State of Mississippi. That objection is not well-taken. By its terms, § 1573 refers only to cases in which the State of Mississippi is a nominal plaintiff. Moreover, in federal court litigation, a state law may not limit the federal court's discretion to tax costs under Rule 54(d), F.R.Civ.P. 6 Moore § 54.70(5), p. 1312. Thus, in this court, defendants are liable to taxation of costs as is any other litigant [2] and objections to the Bill of Costs on that ground are overruled.

■ We next consider the question of attorneys' fees. Our final judgment entered December 1, 1969, stated that "all costs shall be taxed against defendants." That judgment made no mention of attorneys' fees, nor had such been claimed by plaintiffs in the course of the prior litigation. It was not until February 11, 1970, more than two months after entry of final judgment, that plaintiffs first sought to amend and recover attorneys' fees. Rule 59(e) of F.R.Civ.P.[3] requires that any motion to alter or amend judgment must be filed not later than 10 days after entry of judgment. That rule is particularly applicable to a motion to alter a judgment to allow attorneys' fees which were neither asked for before judgment nor mentioned in the judgment. We are not concerned here with correcting a mere clerical mistake in the terms of the judgment, but with the granting of new substantive relief, and the motion, therefore, must comply with Rule 59(e). Gilroy v. Erie-Lackawanna R. Co., D.C., 44 F.R.D. 3. In view of plaintiffs' failure to request an amendment to the judgment allowing attorneys' fees apart from costs until more than two months after entry of final judgment, plaintiffs' motion to amend is denied.

---

1. § 1573. "Usee liable for costs—state as nominal plaintiff.

    In suits in the name of the state or any person for the use of another, the usee may be required to secure or pay the costs, and shall be liable therefor; and in no case shall the state, as a nominal plaintiff, be liable for costs."

2. U. S. v. Ward, 349 F.2d 795 (5 Cir., 1965).

3. (e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

■ The question remains whether attorneys' fees might be allowable as costs under 28 U.S.C. § 1920 [4] and Rule 54(d) of F.R.Civ.P. [5] if plaintiffs were allowed to amend their Bill of Costs to include attorneys' fees. The power to allow items normally taxable as costs is within the sound discretion of the district court. [6] Although attorneys' fees are not ordinarily taxable as costs, [7] the power to allow such attorneys' fees as costs is a part of the district court's equity jurisdiction. [8] This power has seldom been exercised, however, and federal courts generally have not allowed attorneys' fees to be taxed as costs in the absence of a specific statute or contractual provision providing therefor. [9] In fact, the general rule in both state and federal courts in this country is well-settled that attorneys' fees are not taxable as costs against the losing party, unless the action or defense was brought or maintained in bad faith, vexatiously, wantonly or for oppressive reasons. [10] There has been no showing that the defense in this cause was maintained in bad faith or for oppressive reasons. The controversy involved the constitutionality of regulations sought to be justified by the Board of Trustees under a rule-making power. Plaintiffs' request for allowance of attorneys' fees as costs will, therefore, be denied.

■■ We now turn to specific items on the original Bill of Costs which were objected to by defendants. At the outset, plaintiffs contend that inasmuch as their Bill of Costs was filed on December 9, 1969, and noticed for hearing on December 16, 1969, defendants' objections, not filed until December 24, 1969, are not timely and should be disregarded. In cases in which the local district court rules call for a hearing on objections to Bills of Costs before the clerk of the court, objections filed after the date set for that hearing are generally held to be untimely and are not allowed. [11] The Northern District of Mississippi has no such procedure for a clerk's hearing, however, and when the hearing on

---

4. 28 U.S.C. § 1920: Taxation of costs
"A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

5. Rule 54(d), F.R.Civ.P.:
"(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

6. U. S. v. Kolesar, 313 F.2d 835 (5 Cir., 1963).

7. Kenny v. U. S., 118 F.Supp. 907 (D.C. N.J., 3-judge court, 1954).

8. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); Kansas City Southern R. Co. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659 (1929).

9. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967); Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp., 407 F.2d 288 (9 Cir., 1969); see also Lumbermen's Mutual Casualty Co. v. Renuart-Bailey-Cheely Lumber & Supply Co., 392 F.2d 556 (5 Cir., 1968); Kenny v. U. S., supra, Fn. 7.

10. Moore's Federal Practice § 54.77(2), p. 1348; 6 Moore, p. 1352, citing Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473, 481 (4 Cir., 1951).

11. Lee v. U. S., 238 F.2d 341 (9 Cir., 1956).

**56**

objections to a Bill of Costs is before the district judge, it is a de novo hearing, the conduct of which is within the sound discretion of the court.[12] In the present case we do not feel that the short lapse of time between December 16 and December 24, 1969, constituted delay prejudicial to plaintiffs, and we therefore overrule plaintiffs' contention that the defendants' objections were not timely.

■ Of the entire costs claimed by plaintiffs, which total $1,108.11, and which include claims for filing fees, transcripts of hearings, Marshal's and witnesses' fees and cost of duplicating trial memoranda, defendants have objected to two items: (1) duplicating of trial memoranda ($184.60), and transcripts of hearings ($450.67). With the exception of admiralty cases, which are governed by a special statute allowing specified costs for printing of briefs in admiralty appeals,[13] courts have not generally allowed costs for the printing of briefs even in appellate cases,[14] and plaintiffs have cited no case to this court in which costs for printing of briefs were allowed at the trial level. For that reason, the item of $184.60 claimed as expense of brief printing is disallowed.

Lastly, defendants have objected to being taxed with $450.67 to reimburse the expense of court reporter's transcripts of three evidentiary hearings had in this cause. Plaintiffs contend that these transcript costs were allowable under 28 U.S.C. § 1920(2), Fn. 4 supra, as fees of the court reporter for stenographic transcripts necessarily obtained for use in the case. As contended by plaintiffs, it was necessary to obtain the transcripts because each of the three hearings in question was held before the

managing judge of this three-judge district court, sitting alone. Such transcripts were obtained for the other two judges of this court to keep them fully abreast of the case and to have readily available a complete record of the proceedings. Particularly in view of the hard-fought and highly controversial nature of this important case was it necessary that all three judges have access to all proceedings in the case. Additionally, new counsel entered the case at different points in time, thus rendering the transcripts a virtual necessity for their use.

■ Whether the costs of transcripts of hearings at the trial level are taxable against the losing party is a matter largely in the discretion of the trial court.[15] As is well-stated by Professor Moore, in 6 Moore § 54.77(7), p. 1372:

"As any trial judge or lawyer will attest there are cases in which it is necessary, even imperatively necessary, that the court and counsel on both sides have a copy of the trial transcript, or part of it, in connection with trial motions, in both jury and court cases, and in making findings of fact and conclusions of law in court cases; and even at times a daily transcript is very necessary for the examining of witnesses, to keep the case moving properly, and in other respects for a sensible and expeditious trial." Citing Texas City Tort Claims v. U. S., 188 F.2d 900 (5 Cir., 1951).

Professor Moore further states that all courts agree that the trial court may in its discretion order that daily transcripts of hearings be made and tax the costs thereof among the parties as it sees fit. 6 Moore, p. 1374.

---

12. U. S. v. Southern R. Co., 278 F.Supp. 60 (D.C.N.C.1967).

13. 28 U.S.C. § 1923.

14. Scaduto v. Orlando, 381 F.2d 587 (2 Cir., 1967).

15. U. S. v. Kolesar, 313 F.2d 835 (5 Cir., 1963); Syracuse Broadcasting Corp. v. Newhouse, 319 F.2d 683 (2 Cir., 1963).

In view of the foregoing authorities and in view of the complexity and importance of this three-judge court case, we conclude that the transcripts of the three hearings in question were necessary, if not indispensable, for the proper and efficient conduct of this case and that the cost of such transcripts qualify under 28 U.S.C. § 1920(2) as costs taxable against the losing party. That item will, therefore, be allowed as costs recoverable by plaintiffs.

After subtracting the item claimed for brief printing ($184.60), which is disallowed, plaintiffs are allowed court costs amounting to $923.51, for which the defendant Board of Trustees is liable, and an order shall be entered accordingly.