George R. WOOD, deceased, through his Executor, Malcolm Wood, Plaintiff,

v.

The CIRCUIT COURT OF WARREN COUNTY, TENNESSEE, et al., Defendants.

Civ. A. No. 1059.

United States District Court,
E. D. Tennessee,
Winchester Division.

May 10, 1971.

Ishmael C. Childs, Cleveland, Ohio, Carl A. Cowan, Associate Counsel, Knoxville, Tenn., for plaintiff.

Bart Durham, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action predicated upon a 20-page complaint, see Rule 8(a), Federal Rules of Civil Procedure. The Circuit Court of Warren County, Tennessee and Honorable Robert S. Brady, its judge, have interposed motions to dismiss this action, as to each of them, on the ground that no claim is stated against either of them on which relief can be granted. Rule 12(b) (6), Federal Rules of Civil Procedure. There is merit to each motion.

The Court notices judicially that the Circuit Court of Warren County, Tennessee is a court of general jurisdiction. T.C.A. § 16–501. A "court" is not a legal entity which may sue and be sued, but is an organ of the government authorized to administer justice. See 20 Am.Jur.2d 386, Courts § 1. The Court notices judicially that Judge Brady is the judge of the seventh judicial circuit of Tennessee, which includes Warren County. T.C.A. § 16–501. Further, " * * * it is a general principle of the

highest importance to the administration of justice that a judicial officer, in the exercise of the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to everyone who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful. * * *

" * * * The principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well ordered system of jurisprudence. * * *" Bradley v. Fisher (1872), 13 Wall. 335, 20 L.Ed. 646, 649, cited with approval in Pierson v. Ray (1967), 386 U.S. 547, 553–555, 87 S.Ct. 1213, 18 L.Ed.2d 288, 294–295 (headnote 3).

It appearing therefore that the plaintiff has not stated a claim against either it or him, on which relief can be granted, the motions of the Circuit Court of Warren County, Tennessee, and Honorable Robert S. Brady hereby are granted, and as to each of them this action hereby is dismissed.

 The plaintiff's action against the defendant Mr. Spurgeon Wood seeks a judgment, ordering the last will and testament of George R. Wood, deceased, to be "specifically executed, and that the defendants be requested to re-acquire the subject matter of plaintiff's estate * * *". Mr. Wood is sued individually and as administrator of the estate of George R. Wood. Mr. Wood has also interposed a motion to dismiss the complaint, on the ground that it shows on its face that the action is barred by the limitation of T.C.A. § 28–310.

As the Court understands the complaint, the cause of action against Mr. Wood accrued in 1958. This action was commenced on February 16, 1971, more than ten years after the case of action accrued. " * * * Actions against * * * administrators * * *, actions on judgments and decrees of courts of record of this or any other state or government, and all other cases not expressly provided for, shall be commenced within ten (10) years after the cause of action accrued. * * *" T.C.A. § 28–310. Therefore, the motion of Mr. Wood has merit.

This action accordingly hereby is dismissed, with leave for the plaintiff to show any cause he may have within 20 days herefrom why this action should not be dismissed as to the defendant Mr. Wood.