**ALELLYV MINES LTD., Plaintiff,**

v.

**Robert A. PELLETIER, Defendant.**

**No. CIV-2-81-17.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 25, 1981.

I. C. Waddey, Jr., and Andrew S. Neely, Nashville, Tenn., for plaintiff.

Joe W. Worley, Kingsport, Tenn., for defendant.

MEMORANDUM TO COUNSEL

NEESE, District Judge.

This Court was presented by the parties with their proposed "agreed order": denying the defendant's motion of March 17,

1981 for a dismissal of this action for the failure of the plaintiff to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure; continuing the trial of this action " * * * indefinitely * * * "; and dismissing it " * * * on February 1, 1982 with cost [sic] charged [sic] to the [d]efendant unless either [sic] party files an objection to such dismissal before such date." In an accompanying "statement" of the plaintiff, it is admitted that the purpose of all these agreements is to restrain the exercise of this Court's properly invoked jurisdiction, 28 U.S.C. §§ 1332(a)(1), (c), until the agreement of the defendant to pay his debt to the plaintiff is consummated.

The Court declines to order the entry of such an order. A court is an organ of the government authorized to administer justice, *Wood v. Circuit Court of Warren County, Tenn.,* D.C.Tenn. (1971), 331 F.Supp. 1245, [1]; it is not an agency to collect debts. Now that its jurisdiction has been invoked, this Court is authorized to assign this action for trial, Rule 40, Federal Rules of Civil Procedure, and dispose of this action promptly. *Bardin v. Mondon,* C.A.2d (1961), 298 F.2d 235, 237. It cannot order an indefinite continuance however compelling the reason assigned. *Leet v. Union P. R. Co.* (*en banc* 1944), 25 Cal.2d 605, 155 P.2d 42, 158 A.L.R. 1008, 1017 (headnote 6), certiorari denied (1945), 325 U.S. 866, 65 S.Ct. 1403, 89 L.Ed. 1986 (where a state court was not justified in refusing to exercise its jurisdiction in an action under the F. E. L. A. against a railroad engaged in the transportation of troops and war matériel for the government, on the ground that its railroad operations would be impeded by the necessity of taking railroad employees from their work in war time to testify as witnesses in a distant state).

The parties stipulated the dismissal of this action as of February 1, 1982 with costs to be taxed to the defendant with the condition that one party to such stipulation not have filed by that time a written objection to such dismissal. It is clear that if a plaintiff dismisses voluntarily an action by filing a stipulation of dismissal signed by all parties who have appeared in the action, Rule 41(a)(1)(ii), Federal Rules of Civil Procedure, and places conditions thereupon, the Court may " * * * refuse to dismiss upon the limited terms and conditions named by the plaintiff. * * * " *Federal Savings & Loan Ins. Corp. v. First Nat. Bank, etc.,* D.C.Pa. (1945), 4 F.R.D. 313, 315[1], mandamus denied C.C.A. 8th (1945), 148 F.(2d) 731. This Court so refuses in this instance.